UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LUCIANO TONELLI,

    Plaintiff,

    v.

BRIAN McGARVIE AND JAMES MASON,

    Defendants.

Case No. C08-5190BHS/JKA

REPORT AND RECOMMENDATION

**NOTED FOR:**
**May 28, 2008**

        This 42 U.S.C. § 1983 action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4. Plaintiff has filed a proposed complaint (Dkt. # 1). The complaint was supplemented to name defendant J. Mason as James Mason (Dkt # 3).

## FACTS

        The court has reviewed the proposed complaint. Mr. Tonelli alleges his transfer from general population first to Administrative Segregation and then to Intensive Management Status is discriminatory and based on his sexual orientation (Dkt. # 1, proposed complaint). He alleges the reasons given for the transfer and change in classification are fraudulent. According to the plaintiff the stated reasons for the change in classification are, concerns plaintiff was involved in property

REPORT AND RECOMMENDATION- 1

1  scam in the unit, concerns plaintiff was a threat to the orderly operation of the unit, and the belief

2  plaintiff had written anonymous Kites threatening a staff member was going to be "shanked." (Dkt. #

3  1, proposed complaint paragraph 60).

## DISCUSSION

A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)). A plaintiff must allege a deprivation of a federally protected right in order to set forth a *prima facie* case under 42 U.S.C. §1983. Baker v. McCollan, 443 U.S. 137, 140 (1979). In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986). Section 1915(e) of the PLRA requires a district court to dismiss an in forma pauperis complaint that fails to state a claim. 28 U.S.C. § 1915; Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.1998).

An inmate has no liberty interest in being placed in any specific prison or an any specific custody level. Olim v Wakinekona, 461 U.S. 238 (1983); Meachum v. Fano, 427 U.S. 215 ; Montanye v. Haymes, 427 U.S. 236. As there is no liberty interest at stake, holding plaintiff at a higher custody level does not violate any right or duty owed him. Further, as long as the conditions of confinement do not violate the Eighth Amendment in and of themselves, any argument that the transfer is a constitutional violation trivializes the protections of the Constitution.

This complaint fails to state a claim and amendment will not cure the defects. The action

REPORT AND RECOMMENDATION- 2

1  should be dismissed with the dismissal counting as a strike pursuant to 28 U.S.C. 1915.

2        Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **May 28, 2008,** as noted in the caption.

      DATED this 1 day of May, 2008.

                      */S/ J. Kelley Arnold*
                        J. Kelley Arnold
                        United States Magistrate Judge

REPORT AND RECOMMENDATION- 3